E. P. FIGG, Respondent, v. SAMUEL HANDLEY,
Appellant.*

No. 5036; July 17, 1876.

**Public Lands—Issuance of Certificate of Purchase.—By** neither
state law, act of Congress, nor regulation of the land office is a "cer-
tificate of purchase" defined, nor is it prescribed by either in what
cases, under what conditions or by what officer it shall issue; the
method in this connection rests upon a custom that has become estab-
lished.

**Public Lands.—An Application to Purchase Public Land must
be Filed** with the register, and, if the aim is to purchase by private
entry, the application must be in writing; to this that official appends
his certificate that the tract is subject to such entry, and his specifica-
tion of the price, after which it is by the applicant, when making
payment, delivered to the receiver, who then gives duplicate receipts,

*For subsequent opinion, see Figg v. Handley, 52 Cal. 244.

one of which is returned to the register, who next transmits it to the commissioner of the general land office, after first issuing a certificate of purchase to the applicant; the other duplicate is retained by the applicant, to be surrendered on his receiving his patent thereafter.

**Public Lands—Application and Patent.—In** Applications to Purchase public lands under the pre-emption laws, the declaratory statement must be filed with the register, but the proof must be made to the satisfaction of both him and the receiver, the latter then issuing duplicate receipts, one of which is retained by the applicant and the other delivered to the register, as in the case of a private entry. After this, however, the proofs and the decision thereon of the two officials are, with the duplicate receipt held by the register, forwarded to the commissioner of the general land office, and he, on approving the decision mentioned, issues the patent to the applicant on surrender of the duplicate retained by him.

**Public Lands—Certificate of Purchase—Receiver's Certificate.—** In the case of land taken under the pre-emption laws the receiver's duplicate must be held to be a "certificate of purchase, and is in all respects as satisfactory evidence that the proofs were sufficient, and that the applicant has purchased and paid for the land, as though it had been made by the register, and comes fully within the spirit of the statute declaring that certificates of purchase shall be. prima facie evidence of title.

APPEAL from Fifth Judicial District, San Joaquin County.

John B. Hall for respondent; Byers & Elliott for appellant.

CROCKETT, J.—The action is ejectment for a portion of the sixteenth section; and so far as the case shows, the defendant is a mere intruder without title or color of right. The plaintiff relies, 1st, upon a duplicate receipt issued by the receiver of the proper local United States land office, to one Ayres, certifying that he had made full payment under the Pre-emption Act of 1841, for the land in controversy; which receipt was assigned to the plaintiff before the commencement of the action; 2d, upon certificates of purchase issued in due form by the state of California to Cox and Ayres, for the same land, and which certificates were also duly assigned to the plaintiff.

The plaintiff contends that the receiver's duplicate receipt is a "certificate of purchase" in the sense of section 1925 of

the Code of Civil Procedure, and under that section is prima facie evidence of title, except as against one in the adverse possession at the date of the certificate; and it is not pretended that the defendant comes within that category. 3d, that if the receipt is not to be deemed a certificate of purchase, the plaintiff is entitled to recover under the certificates of purchase issued by the state; which, under section 1925, are prima facie evidence of title.

In considering the first point, some embarrassment arises from the fact that neither our statute, nor any act of Congress, nor any regulation of the land department, so far as we are aware, defines a "certificate of purchase" or prescribes in what cases, under what conditions, or by what officers it shall be issued. If any such statute or regulation exists, it has not been called to our attention. A practice, however, appears to have grown up in the local land offices of the United States, in disposing of certain classes of the public land, to which the term "certificate of purchase" doubtless owes its origin. The register being the proper custodian of the official plats, applications to purchase are filed with him. If the application be to purchase by private entry a tract subject to sale in that method, the application is made in writing, to which the register appends his certificate that the tract is subject to private entry, and specifying the price. The applicant then takes the application, with the register's certificate annexed, to the receiver, to whom he makes payment, and from whom he receives duplicate receipts, one of which he retains, to be delivered up on receiving a patent, and returns the other with the application to the register, who thereupon issues a certificate of purchase, which he afterward transmits to the commissioner of the general land office, accompanied by the duplicate receipt in his possession. Thereupon the patent issues to the applicant, on his surrendering the duplicate receipt retained by him: 1 Lester's Land Laws, p. 311. But in applications to purchase under the pre-emption laws, a somewhat different practice prevails. The declaratory statement must, of course, be filed with the register; but under section 12 of the act of September 4, 1841, the proof must be made to the satisfaction of both the register and receiver. In the very nature of the proceeding, the receiver is as fully informed as the register as to their joint decision in respect to

the sufficiency of the proofs. If the proofs are decided to be satisfactory, payment is made to the receiver, who issues duplicate receipts, one of which is retained by the applicant and the other delivered to the register, as in the case of a private entry; after which the proofs and the decision of the register and receiver, together with the duplicate receipt delivered to the former, are forwarded to the commissioner of the general land office. If he approves the decision, a patent issues to the applicant, on the surrender of the duplicate receipt retained by him.

This we understand to be the usual course of proceeding in this class of entries; in view of which we are of opinion that the receiver's duplicate receipt must be held to be a "certificate of purchase," in the sense of section 1925 of the Code of Civil Procedure. In legal effect, it is a certificate by one of the officers who heard and decided upon the sufficiency of the proofs that the proofs were satisfactory, and that the applicant has purchased and paid for the land. It is in all respects as satisfactory evidence of these facts as though it had been made by the register, and comes fully within the spirit of the statute declaring that certificates of purchase shall be prima facie evidence of title.

It may be that a formal certificate is usually made by the register in such cases, to the effect that the proofs are satisfactory, and that the applicant is entitled to a patent; and that this is forwarded by the register to the general land office, as a matter of routine in the course of the proceeding to obtain the patent. But we have no evidence that there is any practice by which this certificate is delivered to the applicant, or that there is delivered to him any other muniment of title than the receiver's duplicate receipt. In this case the duplicate receipt is dated November 7, 1873, and the case does not show that any certificate was issued by the register; and we find from a published decision of the Secretary of the Interior, made on the 26th of April last, in adjudicating the rights of these parties, that he refers to the certificate as dated November 7, 1873—the date of the duplicate receipt in evidence here. But whatever may be the practice of the land department in respect to these certificates, we hold that in the case of a pre-emption claimant the duplicate receipt of the receiver certifying that the applicant has made full payment

for the land under the pre-emption laws is "a certificate of purchase" within the purview of section 1925 of the Code of Civil Procedure.

This view of the case renders it unnecessary to notice the other points discussed by counsel.

Judgment and order affirmed.

We concur: Rhodes, J.; Niles, J.; McKinstry, J.